IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THETIS L. JOHNSON, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | CIVIL NO. 05-cv-311-DRH |
| vs. | ) | |
| | ) | CRIMINAL NO. 99-cr-30022 |
| UNITED STATES of AMERICA , | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner pleaded guilty to three counts involving the distribution of crack cocaine.[1] On November 5, 1999, he was sentenced to an aggregate term of 168 months imprisonment, five years supervised release, a fine of $3000, and a special assessment of $300. He now argues that he should not have been sentenced for crack cocaine, as opposed to powder cocaine, and that his sentence is therefore invalidated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005).

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

---

[1] The Court notes that pursuant to this plea agreement (Doc. 75, criminal case), Petitioner waived his right to challenge his sentence on direct appeal or in a collateral attack.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  *See also Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987) (a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied").  *See generally* Supreme Court Rule 13; FED.R.APP.P. 4(b)(1)(A).

Petitioner did not file a direct appeal from his conviction and sentence.  Therefore, for purposes of § 2255, his conviction became final on November 20, 1999, and he needed to file his § 2255 motion by November 20, 2000.  However, Petitioner did not file the instant motion until April 27, 2005, over four years too late.

None of the exceptions to the statute of limitations can alter this finding.  Petitioner's basis for this action is the rule "newly recognized" in *Apprendi*, *Blakely*, and *Booker*.  However, the

Seventh Circuit already has held that these rulings do not apply retroactively on collateral review. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Blakely* and *Booker* not applicable retroactively to convictions final prior to *Booker* decision); *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi* does not disturb sentences that became final before June 26, 2000, the date of its release).

Therefore, this § 2255 motion is barred by the statute of limitations, and also because Petitioner waived his right to file any such challenge to his sentence. Accordingly, the motion is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   November 30, 2005.**

/s/   David RHerndon
**DISTRICT JUDGE**